NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-2335
_____

UNITED STATES OF AMERICA

v.

STEPHEN RIOS,
        *Appellant*

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00095-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Filed: November 2, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Stephen Rios appeals his judgment of sentence after pleading guilty pursuant to a plea agreement to twenty-three counts of mail fraud in violation of 18 U.S.C. § 1341 (2006). Rios challenges both the District Court's determination of his offense level and its upward variance in sentencing. Because Rios' challenge to his offense level is barred by his appellate waiver, and because the District Court did not abuse its discretion in weighing sentencing factors under 18 U.S.C. § 3553, we affirm the judgment of the District Court.[1]

## I.

For nearly four years, Rios participated in an insurance fraud scheme that involved the staging of fraudulent car accidents. Rios used his position as a licensed chiropractor to write reports falsely describing injuries and symptoms purportedly suffered by victims of the accidents. He submitted false bills to insurance companies and helped other participants obtain thousands of dollars in settlements in civil suits.

On November 23, 2010, Rios pled guilty, pursuant to a written plea agreement, to twenty-three counts of mail fraud in violation of 18 U.S.C. § 1341. The agreement stipulated to a total offense level of sixteen, which included an eight-level increase under U.S.S.G. § 2B1.1(b)(1) due to a stipulated loss amount between $70,000 and $120,000. The agreement left sentencing to the discretion of the District Court, and permitted it to

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

2

disregard any stipulation contained in the agreement. The agreement also contained a waiver of appeal except in certain circumstances.

During sentencing the District Court found that, based on the Presentence Investigation Report, the loss amount attributable to Rios was $178,687.12, raising Rios' total offense level to eighteen. Inasmuch as Rios did not have a prior criminal conviction, the guideline imprisonment range was twenty-seven to thirty-three months for each count. After hearing allocution from Rios and argument from counsel, the District Court found that the guideline sentence would not reflect the significance of Rios' conduct. It sentenced Rios to forty-eight months imprisonment on each count. Rios' appeal raises two challenges to his sentence.

**II.**

First, Rios claims that the District Court erred when it calculated his offense level based on the Presentence Investigation Report. This claim, however, is barred by the waiver of appeal in his plea agreement. That waiver only has three exceptions: (1) if the "sentence on any count of conviction exceeds the statutory maximum for that count;" (2) if "the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;" and (3) if "the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court." App. at 14a. None of these exceptions permits Rios to appeal the District Court's determination of his offense level.

3

We enforce knowing and voluntary appellate waivers unless their enforcement would cause a miscarriage of justice. *See United States v. Mabry*, 536 F.3d 231, 237-39 (3d Cir. 2008). Rios does not contest that he entered the waiver knowingly and voluntarily, nor does he argue that its enforcement will result in a miscarriage of justice.[2] His claim that the District Court miscalculated his total offense level is therefore barred.

### III.

Rios' second claim is that the District Court's sentence was unreasonable because it did not properly consider the sentencing factors outlined in 18 U.S.C. § 3553(a). We review a District Court's sentencing for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 41 (2007), and we will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Rios claims that the District Court "placed undue importance on the role of deterrence in sentencing," and that it failed to adequately consider the arguments advanced by his counsel. Appellant's Br. at 22-23. The District Court's lengthy sentencing discussion belies both of Rios' claims. In its discussion, the District Court addressed the § 3553(a) factors extensively. It considered the nature and circumstances of the offense, noting the significant scope and lucrative nature of the insurance fraud scheme. It also addressed Rios' history and characteristics, remarking on his supportive family and lack of criminal record, but also observing that he abused his license and

---

[2] Rios' constitutional claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is meritless because he was not sentenced above the twenty-year statutory maximum on any count of mail fraud. *See Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).

4

authority as a healthcare professional to help encourage the filing of false insurance claims. The District Court ultimately rested its sentence on the need for deterrence, but also on the need to punish Rios for his greed, abuse of authority and substantial involvement in a large-scale fraudulent scheme.

In addition to appropriately weighing the § 3553(a) factors, the District Court gave adequate consideration to arguments advanced by Rios' counsel. A court need not expressly adopt or reject all arguments made on behalf of a defendant. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). In this case, the record shows that the District Court considered Rios' role in the scheme, the negative consequences he had already suffered, and the positive testimony of his family members. In sum, the District Court's reasoning is persuasive, and sufficient. It therefore did not abuse its discretion when it sentenced Rios at an above-Guidelines level.

## IV.

For the reasons set forth, we will affirm the sentence imposed by the District Court.